UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ROSIE RICHARDSON | CIVIL ACTION NO. 24-cv-492 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CINEMARK USA INC ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Rosie Richardson ("Plaintiff") filed suit in state court against Cinemark USA, Inc. and Zurich American Insurance Company based on allegations that she was injured as a result of a trip and fall accident in the parking lot of a Cinemark movie theater. Cinemark and Zurich removed the case based on an assertion of diversity jurisdiction.

Before the court are (1) Plaintiff's Motion to Amend Complaint (Doc. 12) to add individual Cinemark employees who share Plaintiff's Louisiana citizenship and (2) Plaintiff's Motion to Remand (Doc. 11) on the grounds that (a) the addition of the new Louisiana defendants would destroy diversity jurisdiction and (b) the removal was untimely. For the reasons that follow, it is recommended that both of Plaintiff's motions be denied.

**Timeliness of the Removal**

    **A. Introduction**

The timelines issue will be addressed first. A defendant must file a notice of removal (1) within 30 days after service of the initial petition or (2), if the case stated by

the initial petition is not removable, within 30 days after receipt of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(1) and (3). If there is more than one defendant, each defendant has 30 days after service on it to file a notice of removal. Section 1446(b)(2)(B).

### B. The Initial Petition

Plaintiff filed her petition in state court in May 2023. Cinemark was served that same month, and Zurich (added by an amended petition filed in state court) was served in August 2023. Service of the initial petition does not trigger the first 30-day removal period unless "that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992). Plaintiff does not argue that service of the petition triggered the removal period, and a review of the petition shows that it did not meet the Chapman standard.

Plaintiff alleged that she was walking across the parking lot toward the front entrance of the theater when she tripped and fell in a large pothole that Cinemark and its employees knew or should have known existed. Petition, ¶¶ 4-6. She allegedly suffered pain and mental anguish due to injuries that included headaches, abrasions, and pain in her neck, back, right wrist, left knee, and hip. ¶ 12.

In accordance with state law, Plaintiff did not pray for specific amount of damages. Rather, she alleged that she sustained "such damages as are reasonable in the premises," including those related to past and future medical expenses, lost wages, and the typical

categories of damages. ¶ 13. She alleged that the value of the action was greater than $10,000, the amount required for a jury trial in state court. ¶ 14. The petition did not affirmatively reveal on its face that Plaintiff was seeking more than $75,000, so service of it did not trigger Cinemark's obligation to remove the case within 30 days. See Mumfrey v. CVS Pharmacy, Inc., 719 F.3rd 392 (5th Cir. 2013) (a highly compensated pharmacist's petition for wrongful termination that prayed for lost wages, mental anguish, and attorney fees, but did not specify an amount in controversy, did not trigger the removal period under Chapman).

### C. The Requests for Admissions

If the case stated by the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Plaintiff argues that Cinemark's removal is untimely because her lack of response to requests for admissions related to the amount in controversy triggered the removal period several months earlier. "A discovery response may constitute an 'other paper' under the federal removal statute." Cole ex rel. Ellis v. Knowledge Learning Corp., 416 F. Appx. 437, 440 (5th Cir. 2011).

Whatever the form of the other paper, it does not trigger the removal period under Section 1446(b)(3) unless "the information supporting removal" in the paper is "unequivocally clear and certain" that the facts now support removal. Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002), clarified in Mumfrey v. CVS Pharmacy, Inc.,

719 F.3rd 392, 400 (5th Cir. 2013); Morgan v. Huntington Ingalls, Inc., 879 F.3d 602, 609 (5th Cir. 2018). "Bosky should be read as imposing a trigger for the second removal period that is at least as strict as that set forth in Chapman." Smith v. Wal-Mart Louisiana, LLC, 2013 WL 4781778, *3 (W.D. La. 2013) (Hayes, M.J.).

Cinemark's first set of written discovery served on June 16, 2023 included two requests for admission: (1) "Please admit your damages do not exceed $75,000, exclusive of interest and cost," and (2) "Please admit that the damages you are seeking are in excess of $75,000, exclusive of interest and cost." Doc. 11-4. Louisiana law provides that the matter is admitted unless, within 30 days after service of the request, the party to whom the request is directed serves a written answer or objection. La. C.C.P. art 1467. The parties agree that Plaintiff did not serve any response to either request. Plaintiff argues that this triggered the removal period in July 2023 when the deadline for an answer or objection passed.

Cinemark and Zurich argue that the removal period was not triggered until Plaintiff failed to respond to a later request for admission served months later on February 7, 2024. It asked: "Please admit that the damages you are seeking are in excess of $75,000, exclusive of interest and cost." Doc. 1-4, p. 7. The 30-day deadline for Plaintiff to serve an answer or objection to this request was approximately March 8, 2024, and Cinemark filed its notice of removal on April 12, 2024.[1]

---

[1] Plaintiff does not argue that the notice of removal was filed more than 30 days after this potential removal trigger. She waived any request to remand based on that potential procedural deficiency by not asserting it within 30 days of removal. 28 U.S.C. § 1447(c); In re Shell Oil Co., 932 F.2d 1518 (5th Cir. 1991).

Plaintiff's lack of response to the first two requests for admissions did not make it unequivocally clear and certain that she was seeking more than $75,000. Her lack of response both admitted that her damages "do not exceed $75,000" and that "the damages you are seeking are in excess of $75,000," which yielded only inconsistency and ambiguity rather than certainty.[2] Cinemark probably expected that Plaintiff would admit one of the pair of requests and establish whether the case was removable. Instead, she did nothing. Cinemark's later single request for admission was likely aimed at clarifying the amount in controversy, whether or not Plaintiff responded. That single request asked Plaintiff only to admit that the damages she was seeking "are in excess of $75,000;" her lack of response within 30 days of service resulted in an admission of that fact. It was not until this admission that it was arguably "unequivocally clear and certain" that Plaintiff was seeking more than the requisite amount in controversy to trigger the second removal period. Accordingly, Plaintiff's challenge to the removal based on timeliness is without merit.

### D. No "Other Paper" Was Served or Received

Plaintiff's argument faces another problem even if her lack of response to the first requests for admissions could somehow be interpreted as making it unequivocally clear and certain that the case was removable. Section 1446(b)(3) provides that the second

---

[2] When a slip and fall plaintiff responded to a request to admit the amount in controversy by saying that her damages "may" exceed $75,000, it did not trigger the removal period under Bosky. Smith v. Walmart Inc., 2019 WL 6522292 (W.D. La. 2019). The removal period was also not triggered when a plaintiff responded to an amount in controversy request that "Plaintiff remains under a doctor's care and the full extent of plaintiff's injuries has yet to be discovered." Carbo v. Wal-Mart Louisiana LLC, 2020 WL 7373504, *2 (W.D. La. 2020).

removal period is triggered by receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or "other paper" that shows the case is removable. Where is the triggering paper that was served on or received by the defendants? There is none. Plaintiff sat on her hands and did not serve a response to the requests for admissions. Her inaction did not amount to service of a paper on the defense that triggered its obligation to remove within 30 days.

Some judges have stated that a plaintiff's failure to respond to a request for admission constitutes service of "other paper" that can trigger the removal period. See, e.g., Lewis v. Walmart Inc., 2023 WL 9377979 (W.D. La. 2023) (removal was untimely when notice of removal was not filed within 30 days after admission deemed by inaction, even though the defendant promptly removed the case after plaintiff later clarified the amount in controversy in an answer to an interrogatory); Dejean v. Vermont Mut. Ins. Co., 2023 WL 7103278, *3 (E.D. La. 2023) (a deemed admission pursuant to La. C.C.P. art 1467 qualifies as "other paper" and triggered the 30–day removal clock); Gayden v. Winn-Dixie Montgomery, Inc., 2014 WL 433503, *4 (E.D. La. 2014) (same).

The undersigned respectfully disagrees. The plain text of 28 U.S.C. § 1446(b)(3) requires "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper" to trigger the second removal period. The defendant in this case served requests for admissions but did not receive in response, by service or otherwise, any pleading or other paper related to the amount in controversy. Rather, the defendant was met with only silence and inaction by the plaintiff.

The undersigned agrees with the judges that have been faithful to the text of the statute and held that such inaction by a plaintiff does not amount to the service of other paper that can trigger the removal period. See, e.g., JHohman, LLC v. U.S. Sec. Assocs., Inc., 513 F. Supp. 2d 913, 919 (E.D. Mich. 2007) ("the brute fact remains that this missed deadline [to respond to a request for admission] does not manifest itself in any sort of 'paper,' the 'receipt' of which would" trigger the second removal period); Russell v. Home State Cnty. Mut. Ins. Co., 244 F. Supp. 2d 669, 672 (E.D. La. 2003) (plaintiff's failure to respond to letter that requested stipulation of the amount in controversy did not trigger the removal period because "a Plaintiff's silence, inaction, or non-response" is not service of other paper); See also S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996) ("the 'other paper' conversion requires a *voluntary act by the plaintiff*," so an affidavit prepared by defense counsel regarding the amount in controversy did not trigger the removal period).

Decisions in this area must be read carefully because many make the mistake of confusing (1) the rules that govern disputes over whether the defendant met its burden of showing the required amount in controversy and (2) the rules that govern the timeliness of a removal. Chapman's "affirmatively reveals on its face" rule determines whether service of the original petition triggers a defendant's obligation to remove the case within 30 days. If the original petition did not trigger the removal period, Bosky's "unequivocally clear and certain" rule governs whether subsequent service of an amended petition or other paper triggers the obligation to remove within 30 days. Those are timeliness rules.

But a defendant can choose to remove even if neither of those timeliness rules has been triggered. He will have to satisfy his burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B); Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). The undersigned explained in Wells v. Toms, 2022 WL 2425783, *4 (W.D. La. 2022), "Progressive could remove the case at any time when it believed that it could meet its burden of showing diversity of citizenship and an amount in controversy in excess of $75,000, so long as it did not wait more than 30 days after the service of a petition or other paper that triggered the removal period (or one year after the action was filed)." In such a situation, the timeliness rules are inapplicable, and the rules that govern "amount disputes" come into play. Mumfrey, 719 F.3d at 400.

Evidence relevant to an amount dispute sometimes includes a failure of the plaintiff to respond to a request to admit that her damages exceed $75,000, or a refusal or failure of the plaintiff to stipulate that her damages do not exceed $75,000. Lazard v. Winn-Dixie Montgomery, LLC, 2022 WL 17414304, *3 (E.D. La. 2022) (a plaintiff's deemed admission that the amount in controversy exceeded $75,000 was one factor considered in determining whether the defendant met its burden); Wells, 2022 WL 2425783 at *5 ("A plaintiff's refusal to stipulate may constitute evidence that the amount in controversy is in excess of the requisite amount, but it is not conclusive."). But just because such deemed admissions or refusals to stipulate are relevant to an amount dispute does not mean that those inactions amount to service of "other paper" that triggers a defendant's obligation to remove within 30 days under the timeliness rules.

**Leave to Amend and Destroy Diversity**

Plaintiff proposes to amend her complaint to add as defendants three Cinemark employees who allegedly knew of the pothole prior to the accident but did not take steps to repair or warn of it. Each of the three proposed new defendants shares Plaintiff's Louisiana citizenship, so their addition would destroy diversity jurisdiction and require remand.

If, after removal, a plaintiff seeks to join a new defendant whose joinder would destroy subject matter jurisdiction, the court may (1) deny joinder or (2) permit joinder and remand the case. 28 U.S.C. § 1447(e). The court's decision of the issue is guided by the factors set forth in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987). Although leave to amend is ordinarily freely granted, Hensgens instructs that when a district court is faced with an amendment that adds a non-diverse party it "should scrutinize that amendment more closely than an ordinary amendment." Id. at 1182.

The court must balance the defendant's interests in maintaining the federal forum with the competing interest of not having parallel lawsuits. Factors to be considered include (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. Hensgens, 833 F.2d at 1182; Hawthorne Land Co. v. Occidental Chemical Corp., 431 F.3d 221, 227 (5th Cir. 2005).[3]

---

[3] Cinemark argues that leave to add the proposed new defendants should be denied based on the improper joinder doctrine. But the improper joinder doctrine "does not apply to

Review of the timing of Plaintiff's requested amendment is relevant to whether she was dilatory and the extent to which the purpose of the amendment appears to be intended to defeat federal jurisdiction. Plaintiff filed her original petition in May 2023 and named only Cinemark and an insurer as defendants. The petition alleged that Cinemark, "through its employees/servants/agents knew, or should have known" of the pothole and should have taken steps to repair it. But the petition did not indicate any desire to name as a defendant any such individual employees.

Plaintiff filed an amended petition in state court in July 2023 to add Zurich as the proper liability insurer. The amended petition otherwise repeated the original allegations and again did not include any indication of a desire to name as a defendant any Cinemark employee. The case was removed more than eight months later, in April 2024. It was only then, less than 30 days after removal, that Plaintiff filed her motion for leave to amend and gave the first indication of her desire to sue the individual employees.

Plaintiff states in her motion for leave that the names of all persons involved in the incident were not known at the time she filed the original petition. She gained that information only when Cinemark answered discovery requests on January 23, 2024 that identified for the first time the persons she now seeks to add as defendants. Matthew Markosky is alleged to be the theater's general manager who prepared the incident report.

---

joinders that occur *after* an action is removed." Cobb v. Delta Exports, Inc., 186 F.3d 675, 677 (5th Cir. 1999) (emphasis in original). Rather, that doctrine applies to the assessment of whether the citizenship of a defendant sued in state court *before* the removal may be ignored for diversity purposes. When a plaintiff proposes to add a diversity-destroying defendant after the case is removed, the Hensgens factors govern.

John Iglehart is alleged to be "another manager on duty on the date and at the time of the trip and fall" at issue. Gregory Atnip is alleged to be a maintenance employee who was delegated responsibility for maintaining the parking lot. Plaintiff alleges in her proposed amended complaint that these and other employees knew about the pothole before the accident but failed to take appropriate measures to bring about repairs or warn of the hazard. The proposed amendment also alleges at length that these individuals failed to train other employees, negligently hired other employees, failed to properly supervise employees, and failed to enforce company safety policies.

Plaintiff argues that Louisiana law permits a tort victim to sue both the tortfeasor and the tortfeasor's employer. She gives no explanation for her desire to sue these individuals, in addition to the large corporate defendant and its insurer, other than to say the allegations are "made for legitimate purposes" and "are necessary to the just adjudication of this matter." She expresses no concern about her ability to obtain full relief from the original defendants.

A scheduling order has not yet issued, so Plaintiff did not run afoul of a federal deadline to amend pleadings. But her lack of interest in pursuing these defendants until immediately after the case was removed indicates dilatoriness within the meaning of Hensgens. Plaintiff admits that she learned of the identification of these potential defendants in January 2024, but she did not seek to add them over the next few months while the case was in state court. It was not until May 7, less than a month after the April 12 removal of the case, that she sought the addition of these defendants. That delay and timing supports an inference that the purpose of the proposed amendment is to defeat

diversity jurisdiction. That inference is also supported by the motion's lack of any specific explanation for the need to sue these defendants, who likely do not possess significant assets.

Plaintiff did not address the Hensgens factors in her motion for leave to amend or motion to remand. A plaintiff in this situation sometimes argues that she will be prejudiced by denial of leave to amend because she will have to file a separate action against the proposed new defendant(s) in state court, resulting in inefficient parallel litigation. To the extent Plaintiff might make such an argument here, the undersigned finds that it is very unlikely that Plaintiff would actually bother to file a separate suit against these theater employees in state court in these circumstances. Cinemark is a large theater chain that has been the defendant in other accident cases in this court, and the court is not aware of any instances in which Cinemark or its insurer has not satisfied the terms of a settlement agreement or a judgment against it. Cinemark's insurer is a defendant in this case, and there is no suggestion that the policy limits are not adequate.

Another consideration is whether the employee is alleged to be an active tortfeasor (such as a driver who runs a red light), not just an uninvolved manager or other employee who merely has some administrative responsibility and is likely immune from personal liability under Canter v. Koehring Co., 283 So.2d 716, 721 (La. 1973). There is no allegation of such active negligence in this case. Even if Plaintiff has a valid claim against any of the employees, that is a factor in assessing intent, but it is not determinative. It is possible to assert a textbook lawful claim against a non-diverse person, say a penniless

employee who ran a stop sign, but do so with the sole intent to destroy diversity. Mayo v. C Cross Transp., Inc., 2019 WL 2404544, *4 (W.D. La. 2019) (Hornsby, MJ).

After considering all of the Hensgens factors, the undersigned finds that the balance weighs against granting leave to amend and destroying federal jurisdiction. This is consistent with other decisions from the Western District of Louisiana in which plaintiffs have attempted to add store employees or managers and destroy diversity in similar merchant liability cases. See, e.g., Carbo v. Wal-Mart Louisiana LLC, 2020 WL 7373504 (W.D. La. 2020) (Hanna, MJ); Blake v. Wal-Mart Stores, Inc., 358 F. Supp. 3d 576 (W.D. La. 2018) (Hornsby, MJ); Gilchrist v. Sam's East, Inc., 2015 WL 3458165, *2 (W.D. La. 2015) (Drell, J.); and Floyd v. Wal-Mart Louisiana, LLC, 2010 WL 1875733 (W.D. La. 2010) (Hayes, M.J.), aff'd, 2010 WL 2710649 (W.D. La. 2010) (Hicks, J.).

There are circumstances where allowing leave to add a diversity-destroying employee as a defendant will be appropriate, but those circumstances are not present here. The timing of the proposed amendment and other factors discussed above suggest strongly that the principal reason for attempting to add the Cinemark employees is to destroy diversity and achieve remand. The close scrutiny required by Hensgens suggests that the best exercise of the court's discretion is to deny the request for leave to amend.

Accordingly,

It is recommended that Plaintiff's Motion to Remand (Doc. 11) and Motion for Leave to File Amended Complaint (Doc. 12) be denied.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of July, 2024.

Mark L. Hornsby
U.S. Magistrate Judge